UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

UNITED STATES OF AMERICA,

v.

SHUNDU DAVIS,

Defendant.

12-Cr-712 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

On May 1, 2014, this Court sentenced defendant Shundu Davis to 120 months' incarceration after he pleaded guilty to one count of conspiracy to distribute a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (J., ECF No. 455.) He is currently serving his sentence at the Federal Correctional Institution in Danbury, Connecticut (FCI Danbury) and is scheduled for release on September 23, 2021. (Def.'s Mot. at 1, ECF No. 689.) Davis now moves for a sentence reduction under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), which permits a district court to reduce a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

A compassionate-release motion may be filed only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A). Here, Davis submitted a request to the warden of FCI Danbury on May 14, 2020. (Def's Mot. 2.) Thus, Davis has exhausted his administrative remedies and may file a compassionate-release motion with this Court.

For at least two reasons, however, Davis's motion fails on the merits. First, he has not established extraordinary and compelling reasons for a sentence reduction. Davis's principal argument is that the COVID-19 pandemic provides such a reason. The Court disagrees. "[W]hile the COVID-19 pandemic is undoubtedly serious and of great concern, numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12 CR 31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020). At forty-six years old, Davis does not fall within a high-risk age group for severe COVID-19 illness. *Cf. Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated July 30, 2020). And as to underlying health conditions, Davis argues that he suffers from "a condition related to the G6PD gene, glucose-6-phosphate dehydrogenase." (*Id.* at 4.) Citing no authority, Davis claims that his G6PD-related condition "can only interfere and diminish Mr. Davis' ability to recover from COVID-19 if he tests positive." (*Id.*) Given that a

G6PD-related affliction does not appear on the Centers for Disease Control and Prevention's list of high-risk conditions, the Court cannot find that Davis's claimed condition establishes an extraordinary and compelling reason for a sentence reduction. *Cf. People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 30, 2020). Further, the conditions at FCI Danbury do not suggest that the prison "is ill-equipped to properly care for inmates." (Def.'s Mot. at 4.) As Davis notes, the Bureau of Prisons (BOP) has recently reached a tentative settlement "to assure that a class of inmates who are medically vulnerable to COVID-19" at the prison "are being treated or released." (*Id.*) Thus, it appears that the BOP is making appropriate efforts to protect its inmates from the virus.

Second, even if Davis could establish extraordinary and compelling reasons for a sentence reduction, the Court does not find that "the factors set forth in section 3553(a)" favor such a reduction. 18 U.S.C. § 3582(c)(1)(A). Although Davis notes that he has made strides toward rehabilitation while incarcerated (Def's Mot. at 6–7), those efforts cannot overcome the factors that supported his original sentence of 120 months' incarceration. Davis's conduct was serious. He participated in a massive drug-trafficking organization that distributed millions of dollars of crack cocaine and powder cocaine throughout New York City. (PSR ¶¶ 32, 35.) Indeed, given the gravity of the crimes stemming from that conspiracy, the Court has already denied compassionate release for two of his codefendants. *See United States v. Davis*, No. 12-Cr-712, 2020 WL 3790562, at *5 (S.D.N.Y. July 7, 2020); *United States v. Marquez*, No. 12-Cr-712, 2020 WL 4016840, at *2 (S.D.N.Y. July 16, 2020). And as Davis himself recognizes, his sentence "was a substantial downward variance from the Career Offender Guidelines," which supported a sentence of "188 to 235 months' imprisonment." (Def.'s Mot. at 3; *see also* PSR ¶ 14.) Given the seriousness of Davis's conduct and his lengthy criminal history, the Court cannot conclude that the section 3553(a) factors would support a reduction of Davis's below-Guidelines sentence.

For the reasons set forth above, Davis has not established extraordinary and compelling reasons for a sentence reduction, and the section 3553(a) sentencing factors similarly do not favor a sentence reduction. Accordingly, IT IS HEREBY ORDERED that Davis's motion for a sentence reduction is denied.

Dated:  New York, New York
        August 7, 2020

SO ORDERED

*[signature]*

SIDNEY H. STEIN
U.S.D.J.